## MOODY v. NEWMARK et al.

### L. A. No. 328; November 2, 1897.

#### 50 Pac. 758.

**Misjoinder of Parties—Objections.—Where It Does not Appear upon the Face** of the complaint that there is a misjoinder of parties defendant, objection on that ground must be taken by answer, under Code of Civil Procedure, section 433, providing that objections to a complaint, not appearing on the face thereof, shall be taken by answer.

APPEAL from Superior Court, Los Angeles County; J. W. McKinley, Judge.

Action by A. S. Moody against Newmark & Edwards and J. S. Robinson. From a judgment against Newmark & Edwards and an order denying them a new trial they appeal. Affirmed.

J. T. Houx for appellants; E. E. Galbreth for respondent.

BELCHER, C.—This action was based upon an order or draft drawn by the defendant Robinson on the defendants Newmark & Edwards, copartners, requesting them to pay to the plaintiff on certain conditions named, a certain sum of money. The order was dated September 24, 1894, and was accepted by the drawees in writing on the same day. The defendants jointly demurred to the complaint upon the ground that there was a misjoinder of parties defendant, and, the demurrer being overruled, answered. The cause was tried by the court, without a jury; and upon the findings made judgment was entered that the plaintiff recover of and from the defendants Newmark & Edwards the sum of $359.84, and his costs, and that defendant Robinson recover of the plaintiff his costs. From that judgment and an order denying their motion for a new trial Newmark & Edwards have appealed.

The first point made for a reversal is that the court erred in overruling the demurrer to the complaint. We see no error in this ruling. It did not appear upon the face of the complaint that there was a misjoinder of parties defendant, and, this being so, the objection could only be taken, as it was, by answer: Code Civ. Proc., sec. 433.

The next point is that the findings do not support the judgment. The findings are quite full, covering more than five pages of the transcript, and meeting and disposing of all the issues raised by the pleadings. No good would be accomplished by setting them out, and it is enough to say that, in our opinion, they fully justify and support the judgment.

The point is also made that the evidence was insufficient to justify several of the findings; but the point is simply stated, and reference made to the specifications, without any argument based upon it. The evidence set out in the transcript is brief, and, after carefully reading it, we are satisfied that the judgment cannot be disturbed on this ground. We advise that the judgment and order appealed from be affirmed.

We concur: Searls, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.